UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ROMANI,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. 24-cv-00067-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: ECF No. 9 |

Before the Court is Defendant General Motors, LLC's ("GM") motion to dismiss. Motion to Dismiss ("Mot."), ECF No. 9. Having carefully considered the Parties' moving papers, the Court finds this motion suitable for consideration without oral argument pursuant to Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS GM's motion to dismiss.

**I.   BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint unless otherwise noted.

On or about December 23, 2020, Plaintiff Marco Romani purchased a new 2020 Chevrolet Bolt ("the Subject Vehicle") from Stevens Creek Chevrolet, a third-party dealership in California. Complaint ("Compl."), ECF No. 1-1 ¶¶ 4, 6. The Subject Vehicle was sold to Plaintiff with express warranties that the Subject Vehicle would be free from defects during the applicable warranty period, including an 8-year, 100,000-mile warranty on the Subject Vehicle's battery. *Id.* ¶ 7.

At the time Plaintiff purchased the Subject Vehicle, GM advertised the car as a long range, affordable electric vehicle on its website, and GM dealership personnel assured Plaintiff of the long-rang and safe nature of the vehicle. *Id.* ¶ 26.

Plaintiff alleges the Subject Vehicle was not safe or functional because the batteries may ignite when they are either fully charged or fall below a seventy-mile range. *Id.* ¶ 13. In 2021,

GM issued a recall notice for the Subject Vehicle, stating that its batteries may ignite when nearing a full charge. *Id.* ¶ 30. GM "warned Plaintiff" that the vehicle's charge should not exceed 90%, the battery mileage should not fall below seventy miles remaining, and the vehicle should not be parked indoors overnight. *Id.*

Plaintiff alleges that his use and enjoyment of the Subject Vehicle has been "severely limited" as result of these issues, and Plaintiff would not have bought the vehicle if he had known it was neither safe nor functioned as advertised on GM's website. *Id.* ¶¶ 43, 45.

Plaintiff filed this lawsuit in Santa Clara County Superior Court on November 29, 2023, and GM removed the case to this Court on January 4, 2024. ECF No. 1.

## II.     LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully," the plausibility standard "is not akin to a probability requirement." *Id.* For purposes of ruling on a Rule 12(b)(6) motion, the Court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court need not, however, "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). The Court may also "look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 (9th Cir. 1995).

## III. DISCUSSION

GM moves to dismiss Plaintiff's fourth cause of action for fraud and fifth cause of action under UCL. The Court turns to each challenged claim in turn.

### A. Fourth Cause of Action—Fraud

GM argues that the fourth cause of action for fraud should be dismissed because (1) Plaintiff fails to plead fraud with the requisite specificity, (2) Plaintiff fails to allege facts plausibly showing that GM knew of and intentionally misrepresented or concealed any material facts before Plaintiff bought the vehicle, (3) Plaintiff cannot base any fraudulent misrepresentation claim on GM's publication of EPA estimates, (4) the fraudulent concealment claims are barred by the economic loss rule, and (5) Plaintiff fails to allege a transactional relationship with GM to trigger any duty to disclose. Mot. 1.

Plaintiff's fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires a party alleging fraud or mistake to state with particularity the circumstances constituting fraud or mistake. To satisfy this standard, the "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation and internal quotation marks omitted).

Plaintiff brings claims for fraud based on misrepresentations and concealment relating to GM's statements and actions surrounding the Subject Vehicle's mileage range and battery safety. Compl. ¶¶ 80–89.

#### 1. Affirmative Misrepresentation

In support of his fraudulent misrepresentation claims, Plaintiff alleges that GM fraudulently misrepresented the Subject Vehicle "as having long range capacity" and as being "environmentally friendly, safe and capable of long-range use" through statements made on GM's website and by personnel at GM's dealership at the time of sale. Compl. ¶ 80. These statements are false, Plaintiff alleges, because "the vehicle in fact contains a lithium-ion battery that causes the vehicle to overheat during prolonged use, resulting in a substantial reduction in the range

3

1   capability of the vehicle." *Id.* ¶ 81.

2       The elements of affirmative misrepresentation are: "(1) a misrepresentation (false

3   representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to

4   defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Robinson*

5   *Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citations omitted). Plaintiff must

6   show that GM was aware of the alleged defect at the time of sale. *See Wilson v. Hewlett-Packard*

7   *Co.*, 668 F.3d 1136, 1146–48 (9th Cir. 2012).

8       The Court finds that Plaintiff has insufficiently plead the knowledge element. Although

9   knowledge and intent can be alleged generally (*see* Fed. R Civ. P. 9(b)), Plaintiff has not alleged

10  facts from which the Court can infer that GM had knowledge of long-range capability and battery

11  defects impacting the Subject Vehicle's safety and mileage range at the time of sale.

12      Plaintiff alleges that, prior to his purchase of the Subject Vehicle in December 2020, GM

13  first became aware of issues with the Bolt's battery and instituted a process to replace defective

14  batteries in December 2016, and GM created a repair program for the Bolt in response to findings

15  of issues with low battery voltage in November 2017. Compl. ¶¶ 16, 19. The complaint alleges

16  that in October 2017, "NHTSA published a warning that overcharging lithium ion batteries, such

17  as the battery in the Bolt, can result in spontaneous ignition." *Id.* ¶ 18. In May 2018, GM

18  "notified its dealers regarding issues with the batteries in the Bolt." *Id.* ¶ 21.

19      The complaint also identifies a pre-sale battery fire involving the Bolt in March 2019.

20  *Id.* ¶ 23. These allegations, though sufficient to plead knowledge about some issues with Bolt

21  batteries, are insufficient to reasonably infer that GM knew prior to the sale to Plaintiff that the

22  batteries for Plaintiff's specific Bolt model had defects impacting its safety and mileage range.

23  Knowledge about one battery fire in March 2019 is insufficient plead knowledge about battery

24  defects causing general fire risk or other issues in 2020 model year Bolts.

25      Plaintiff argues in opposing GM's motion to dismiss that "[b]y August 2020, General

26  Motors was aware of at least 12 fires involving the Chevrolet Bolt." Opp. 3. This allegation does

27  not appear in the complaint, but even if it did, Plaintiff's pre-sale knowledge allegations would

28  still fail because knowledge of "at least 12 fires" involving the Chevrolet Bolt generally does not

4

establish pre-sale knowledge of Plaintiff's Subject Vehicle, specifically.

Accordingly, the Court GRANTS GM's motion to dismiss the affirmative misrepresentation claims. The Court *sua sponte* takes judicial notice of the dockets in *King v. General Motors LLC*, No. 24-CV-00040-SI (N.D. Cal. July 2, 2024) and *Mulders v. General Motors, LLC*, No. 3:23-CV-06395-JSC (N.D. Cal. filed Dec. 12, 2023). *See* Fed. R. Evid. 201. The same counsel represented the parties in both cases, and the operative complaints in both are nearly identical to the complaint here, except that the subject vehicles were purchased in February 2020 and February 2021, respectively. In both cases, the affirmative representative claims were dismissed for failure to allege the requisite knowledge. *See King*, No. 24-CV-0040, ECF No. 32; Mulders, No. 23-CV-06395, ECF No. 30.

Because Plaintiff has requested leave to amend, the Court will permit Plaintiff an opportunity to amend his claims. Any amendment must address the defects identified in this Order.

### 2. Fraudulent Concealment

As to Plaintiff's concealment theory of fraud, Plaintiff alleges that the long-range capability of the vehicle was "the centerpiece of Defendant's marketing efforts," yet GM concealed and suppressed the fact that the vehicle could not achieve its expected range and safety due to the overheating battery. *Id.* ¶¶ 85–86.

The elements of a cause of action for fraudulent concealment are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009) (internal quotation marks and citations omitted). As with an affirmative misrepresentation claim, GM must have had pre-sale knowledge of the alleged defect. *See Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 865 (N.D. Cal. 2018).

1  For the reasons explained above in connection with Plaintiff's misrepresentation theory, Plaintiff's allegations are insufficient to plead pre-sale knowledge of the Subject Vehicle's battery capacity and safety. The Court incorporates its ruling on the affirmative misrepresentation claim here.

Accordingly, the Court GRANTS GM's motion to dismiss the fraudulent concealment claim. The Court will grant leave to amend with the guidance noted above.

### B.     Fifth Cause of Action—UCL

The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Cal. Bus. & Prof. Code § 17200. Each "prong" of the UCL provides a "separate and distinct theory of liability." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Plaintiff asserts claims under all three prongs. Compl. 14–18. GM argues that Plaintiff's UCL claim should be dismissed because Plaintiff fails to allege (1) any underlying statutory violation for the unlawful prong, and (2) any established public policy for the unfair prong. Plaintiff does not oppose or otherwise address GM's arguments regarding Plaintiff's UCL claim.

For a plaintiff to obtain equitable remedies under the UCL in a diversity action in federal court, the plaintiff must establish that he lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). The Court follows Judge Illston and Judge Corley in dismissing substantively identical claims brought under the UCL with prejudice because Plaintiff has an adequate remedy at law under the Song-Beverly Act. *See King*, No. 24-CV-0040, ECF No. 32; *Mulders*, No. 23-CV-06395, ECF No. 30 (citing *Sonner v. Premium Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023)).

As in *King* and *Mulders*, Plaintiff has not established equitable jurisdiction for Plaintiff's UCL claims because Plaintiff has not established that he lacks an adequate remedy at law. Plaintiff will not be permitted leave to amend, as no amendment could cure this deficiency. Accordingly, the Court dismisses Plaintiff's UCL claims with prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS GM's motion to dismiss the fourth and fifth causes of action. Plaintiff is granted leave to amend only as to the fourth cause of action. Plaintiff's fifth cause of action is dismissed without leave to amend.

Any amended complaint must be filed within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: August 28, 2024

Edward J. Davila
United States District Judge